NOT DESIGNATED FOR PUBLICATION

No. 116,345

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW JACKSON TRYON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Nemaha District Court; JOHN L. WEINGART, judge. Opinion filed June 2, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

LEBEN, J.: Andrew Tryon appeals the district court's decision to revoke his probation and require that he serve his underlying prison sentence. Tryon suggests that the district court should have given him a lesser sanction for his probation violations rather than sending him to serve his prison sentence.

But the district court made findings that Tryon had absconded from probation, and that gave the district court the option of sending Tryon to serve his prison sentence instead of giving him another chance on probation. Given the factual circumstances presented to the district court, we find no abuse of discretion in its decision to revoke Tryon's probation and require that he serve his prison sentence.

Tryon's underlying offense, for which he was placed on probation, was burglary. The district court sentenced him to a 24-month term of probation, with an underlying sentence of 27 months in prison. At the time of sentencing in December 2014, Tryon was serving a jail sentence in another case, but he was given a furlough from that sentence so that he could serve the probation in this one—which included in-patient drug treatment. But Tryon checked himself out of treatment, didn't return, and didn't report to his probation officer.

The State filed an initial affidavit charging that Tryon had violated his probation in several ways, and Tryon stipulated that those allegations were correct at a hearing held January 7, 2016. Those allegations included that he had been at the residence of a person he wasn't supposed to be in contact with, that he had voluntarily left an inpatient drug-treatment program without permission or completion, that he had failed to return to the county jail from which he had been furloughed to attend drug treatment, and that he had failed not only to notify his probation officer of his whereabouts but also to contact the probation officer since walking out of the drug-treatment program.

The State later filed an amended affidavit with some additional charges, and a contested evidentiary hearing regarding them was held on April 27, 2016.

Chris Denner, his probation supervisor, testified about attempts he had made to locate Tryon after he left his inpatient-treatment program and failed to report in. He contacted the sheriff's office and gave them an address at which Tryon had been seen. He also contacted the drug-treatment program to see if it had an address for Tryon. Denner also stopped twice at Tryon's brother's home in an attempt to find Tryon. And Denner sent text messages to the last phone number from which Tryon had contacted Denner.

Denner also testified about events that took place when Tryon was arrested on the warrant for his probation violations. He said the jailer, who was present in court, took a

urine sample from Tryon that tested positive for marijuana, amphetamine, and methamphetamine. He also said that Tryon admitted having used marijuana and methamphetamine as recently as the day before his arrest.

Tryon testified and admitted that he had tested positive for marijuana and methamphetamine. He also admitted that he had told the jailer that he had used those drugs in the days shortly before his arrest.

The district court accepted Tryon's stipulation to the violations in the initial affidavit, and it also found that he had violated his probation in several respects as set out in the amended affidavit, including absconding. The court revoked his probation and ordered that he serve the underlying 27-month prison sentence. Tryon then appealed to our court.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). K.S.A. 2016 Supp. 22-3716 now limits that discretion, but its provisions requiring intermediate sanctions before ordering the defendant to serve the underlying prison sentence do not apply if, among other things, the defendant has absconded or if the court has made a detailed finding that the safety of the public will be jeopardized or that the welfare of the defendant will not be served by continued probation. See K.S.A. 2016 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, Syl. 4 ¶, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). So if the district court properly found that Tryon had absconded, we would then review its decision only for abuse of discretion.

In this case, we find that the district court properly concluded that Tryon had absconded. See *Huckey*, 51 Kan. App. 2d 451, Syl. ¶ 5. He had been serving a sentence from which he was furloughed to participate in an inpatient drug-treatment program.

When he walked out of that program on his own, he didn't return to the jail from which he'd been furloughed or report to his probation officer. While the probation officer's attempts to locate or contact Tryon weren't comprehensive, he did contact the sheriff's office, stop by Tryon's brother's home at least twice, and attempt to contact Tryon by text message. Meanwhile, Tryon, who was under an order to keep the probation officer advised of his residence, made no attempt to contact him.

Since the district court properly concluded that Tryon had absconded, we proceed to review its decision to revoke his probation and send Tryon to serve his prison sentence only for an abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We find nothing unreasonable about the district court's decision here. Tryon abused the terms of his furlough and violated his probation. After voluntarily leaving the drug-treatment program, he neither returned to the jail from which he had been furloughed (solely for the purpose of participating in the drug-treatment program) nor reported to his probation officer. He didn't leave the drug-treatment program because he no longer had a desire to use illegal drugs; he continued to do so until he was arrested. And he had made no payment toward court costs or restitution.

On Tryon's motion, we accepted this appeal for summary disposition under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Tryon's probation.

The district court's judgment is therefore affirmed.

4